IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEVE FERNANDEZ,

       Plaintiff,

vs.                          1:12-CV-00990 SMV/RHS

TOWN OF CLAYTON, a municipality
of the State of New Mexico, SCOTT JULIAN,
in his official capacity as Police Chief of the
Clayton Police Department, BRIAN SCHAMBER,
individually and as an employee of the Clayton
Police Department, RAUL GARCIA, individually
and as an employee of the Clayton Police Department,
and ANDREW CARVER, individually and as an
employee of the Clayton Police Department,

       Defendants.

**ANSWER TO COMPLAINT FOR RELIEF AND DAMAGES DUE TO
TO DEPRIVATIONS OF CIVIL RIGHTS UNDER COLOR OF
STATE LAW AND STATE TORT CLAIMS**

      **COME NOW** the Town of Clayton, Scott Julian, Brian Schamber and Andrew Carver by

and through their attorneys FRENCH & ASSOCIATES (Stephen G. French and Joel M. Young) and

The Town of Clayon by and through Beck & Cooper (Robert Beck, appearing), and for their Answer

state as follows:

      1.      In regard to paragraph 1, the allegations in paragraph 1 are merely allegations of the

plaintiff and are denied by defendants.

      2.      In regard to paragraphs 2 and 3, defendants admit the allegations contained therein.

3.      In regard to paragraph 4, defendants admit the allegations contained therein, but would state that defendant Raul Garcia lives in Lubbock, Texas.

4.      In regard to paragraphs 5 and  6, the defendants admit the allegations contained therein. However, defendants deny that the City of Clayton is currently the employer of Mr. Garcia or Mr. Schamber.

5.      In regard to paragraph 7, defendants admit the allegations contained therein. However, in regard to certain of the irrelevant and improper statements and allegations in the Complaint which are wholly unrelated to anything material in this matter, defendants deny that as to certain of the allegations that Scott Julian was acting under color of state law.

6.      In regard to paragraph 8, defendants admit the allegations contained therein, however, in regard to the assertion that Scott Julian delegated the same to supervisory officers and others said allegations are denied.

7       In regard to paragraphs 9 and 10, defendants deny the allegations contained therein.

8.      In regard to paragraph 11, defendants generally admit the allegations contained in paragraph 11, however defendants deny that immunity is waived for the actions complained of herein as many of the actions do not fall under the New Mexico Tort Claims Act and therefore said allegations are denied.

9.      In regard to paragraph 12, defendants admit that the Court has jurisdiction over the action and that revenue is properly placed.  However, the remaining of the allegations in paragraph 12, are a statement of law to which no reply is required.

10.     In regard to paragraph 13, defendants admit the allegations contained therein.

11.     In regard to paragraph 14, defendants are without sufficient information to either admit or deny the allegations contained therein and therefore deny same.

12.     In regard to paragraph 15, defendants admit the allegations contained therein.

13.     In regard to paragraph 16, 17, 18, 19 and 20, defendants are without sufficient information to either admit or deny the allegations contained therein and therefore deny same.

14.     In regard to paragraph 21, defendants are without sufficient information to either admit or deny the assertion in paragraph 21, "that some time after the incidents," therefore deny same.  Defendants do admit that certain events did occur in December 2007.

15.     In regard to paragraph 22, 23, 24, 25, 26, 27, 28, 29, 30, 31 and 32, defendants are without sufficient information to admit or deny the allegations contained therein and therefore deny same.

16.     In regard to paragraph 33, defendants deny the allegations.

17.     In regard to paragraphs 34, and 35, defendants are without sufficient information to either admit or deny the allegations contained therein and therefore deny same.

18.     In regard to paragraphs 36, 37 and 38, defendants admit the allegations contained therein.

19.     In regard to paragraphs 39, 40, 41, 42, defendants are without sufficient information to either admit or deny the allegations contained therein and therefore deny same.

20.     In regard to paragraph 43, defendants admit the allegations in the first sentence of the paragraph, however, in regard to the allegation that plaintiff was actually wearing his seatbelt, deny said allegations.

21.     In regard to paragraphs 44 and 45, defendants admit the allegations contained therein. However, in regard to the last sentence in paragraph 45, that plaintiff voiced his concerns about the police chief's actions in hiring new officers and not training the current police force, defendant denies the allegations contained therein.

22.     In regard to paragraphs 46, 47 and 48, defendants are without sufficient information to either admit or deny the allegations contained therein, and therefore deny same.

23.     In regard to paragraph 49, defendants admit the allegation contained therein. However, in regard to the end of the last sentence in paragraph 49, "suggesting that plaintiff could not exercise his first amendment right to free speech without penalty of criminal conviction," defendants are without sufficient information to either admit or deny the allegations contained therein and therefore deny same.

24.     In regard to paragraph 50, defendants admit that on March 16, 2010, plaintiff filed an appeal of his municipal court conviction in the Clayton District Court, however, in regard to the remaining allegations in paragraph 50, defendants are without sufficient information to either admit or deny the allegations contained therein, and therefore deny same.

25.     In regard to paragraph 51, defendants admit that the allegations contained therein and further alleged that said conviction barrs this suit.

26.     In regard to paragraph 52, 53, 54, 55, 56, 57, 58 and 59, defendants are without sufficient information to either admit or deny the allegations contained therein and therefore denies the same.

27.     In regard to paragraph 60, defendants admit the allegations contained therein.

28.     In regard to paragraph 61, defendants deny the allegations contained in paragraph 61, as pled.

29.     In regard to paragraph 62, defendants admit the allegations contained therein. However, defendants deny that the three young boys were interrogated.

30.     In regard to paragraph 63, defendants are without sufficient information to either admit or deny the allegations contained therein and therefore deny same.

31.     In regard to paragraph 64, defendants admit the allegations contained therein.

32.     In regard to paragraph 65, defendants deny the allegations contained therein.

33.     In regard to paragraph 66, defendants admit that at some point plaintiff walked up to the car.  However, in regard to the remaining allegations in paragraph 66, defendants are  without sufficient information to either admit or deny the allegations contained therein and therefore deny same.

34.     In regard to paragraph 67, defendants are without sufficient information to either admit or deny the allegations contained therein and therefore deny same.

35.     In regard to paragraph 68, defendants deny the allegations contained therein.

36.     In regard to paragraph 69, defendants admit the allegations contained therein.

37.     In regard to paragraph 70, defendants are without sufficient information to either admit or deny the allegations contained therein and therefore deny same.

38.     In regard to paragraph 71, defendants deny the allegations as pled.

39.     In regard to paragraphs 72, 73 and 74, defendants are without sufficient information to either admit or deny and therefore deny same.

40.     In regard to paragraph 75, 76, 77 and 78, defendants admit the allegations contained therein.

41.     In regard to paragraph 79 and 80, defendants deny the allegations contained therein.

42.     In regard to paragraph 81, defendants admit that Officer Carver transported plaintiff to the Clayton Jail, however defendant denies the remaining assertions contained in paragraph 81.

43.     In regard to paragraph 82, defendants are without sufficient information to either admit or deny the allegations contained therein, and therefore deny same.

44.     In regard to paragraph 83, defendants admit the allegations contained therein.

45.     In regard to paragraph 84, defendants are without sufficient information to either admit or deny the allegations contained and therefore deny same.

46.     In regard to paragraph 85, defendants admit the allegations contained therein.

47.     In regard to paragraphs 86, 87 and 88, defendants are without sufficient information to either admit or deny the allegations contained therein and therefore deny same.

48.     In regard to paragraph 89, 90, 91 and 92, defendants admit the allegations contained therein.

49.     In regard to paragraph 93, 94, and 95, defendants deny the allegations contained therein.

50.     In regard to paragraph 96, defendants admit the allegations contained therein.

51.     In regard to paragraph 97, defendants deny the allegations contained therein.

52.     In regard to paragraph 98, defendants are without sufficient information to either admit or deny the allegations contained therein and therefore deny same.

53.     In regard to paragraph 99, 100, 101, 102, 103, 104, 105, 106 and 107, defendants deny the allegations contained therein.

54.     In regard to paragraph 108, defendants admit the allegations contained therein.

55.     In regard to paragraph 109, defendants are without sufficient information to either admit or deny the allegations contained therein, and therefore deny same.

56.     In regard to paragraph 110, defendants deny the allegations contained therein.

57.     In regard to paragraph 111, defendants is without sufficient information to either admit or deny the allegations contained therein and therefore deny sane.

58.     In regard to paragraphs 112 and 113, defendants deny the allegations contained therein.

59.     In regard to paragraph 114, defendants are without sufficient information to either admit or deny the allegations contained therein and therefore deny same.

60.     In regard to paragraphs 115, 116, 117 and 118, defendants admit the allegations contained therein.

61.     In regard to paragraph 119, there statements of law and no response is required.

62.     In regard to paragraph 120, defendants are without sufficient information to admit or deny the allegations contained therein and therefore deny same.

63.     In regard to paragraph 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132 and 133, defendants deny the allegations contained therein.

64.     In regard to paragraph 134, defendants are without sufficient information to either admit or deny the allegations contained therein and therefore deny same.

65.     In regard to paragraph 135, 136, 137 and 138, defendants deny the allegations contained therein.

66.     In regard to paragraph 139, the assertions sett for the in paragraph 139 are a statement of law to which no response is required.

67.     In regard to paragraph 140, defendants admit the allegations contained therein. However, defendants do not admit there is liability in this case.

68.     In regard to paragraph 141, defendants admit the allegations contained therein.

69.     In regard to paragraph 142, are a statement of law to which no response is required.

70.     In regard to paragraph 143, defendants admit the allegations contained therein.

71.     In regard to paragraphs 144, 145 and 146, defendants deny the allegations contained therein,

72.     In regard to paragraph 147, defendants admit the allegations contained therein.

73.     In regard to paragraph 148, 149, 150, 151, 152, 153, 154 and 155, defendants deny the allegations contained therein.

74.     In regard to paragraph 156, defendants admit that defendant Officers caused the initiation of judicial proceedings, however defendants are without sufficient information as to either admit or deny the allegations in that remaining part of paragraph 156, as pled and therefore deny same.

75.     In regard to paragraphs 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193 and 194, defendants deny the allegations contained therein.

76.     In regard to plaintiff's prayer for relief, defendants deny any assertion as set forth in paragraph a, b, c, d, e, f, and g.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff claims fail to state a claim upon which relief may be granted and therefore said claims should be denied.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims fail to state a claim for relief, as the Plaintiff has admitted in the complaint, and defendants have agreed with plaintiff, plaintiff currently stands convicted of two separate criminal matters, and therefore all claims in his complaint are barred under the doctrine of *Heck v. Humphry*.

## THIRD AFFIRMATIVE DEFENSE

At all times material, the officers that prosecuted these criminal matters are cloaked with absolute prosecutorial immunity and therefore said claims are barred.

## FOURTH AFFIRMATIVE DEFENSE

At all times material, acting in good faith and under an objectively reasonable standard, prosecuting officers and arresting officers as set forth in these events had arguable probable cause to believe that the crimes committed by plaintiff and the actions were committed by plaintiff justified the arrest and prosecution, and therefore plaintiff's claims are barred under the doctrine of Qualified Immunity.

## FIFTH AFFIRMATIVE DEFENSE

In regard to allegations in the complaint which occurred prior to the three year statute of limitations for filing this lawsuit, such claims are barred.

## <u>SIXTH AFFIRMATIVE DEFENSE</u>

All claims for punitive damages against the Town of Clayton are barred and unconstitutional as set forth in the clearly established federal case of *City of New Port v. Fact Concerts*.

## <u>SEVENTH AFFIRMATIVE DEFENSE</u>

To the extent that plaintiff is making assertions that the Town of Clayton somehow ran or oversaw or operated the municipal court, and to the extent that plaintiff is maintaining allegations as to conduct, lack of such conduct, or other actions taken before the municipal court, these claims are barred under the doctrine of absolute judicial immunity.

**WHEREFORE**, having fully answered, defendants respectfully move this honorable court for an order dismissing all claims brought by plaintiff, giving him nothing thereby, for costs and fees for having to defend such action, for trial by jury on all issues so triable, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

FRENCH & ASSOCIATES, P.C.
ATTORNEYS AT LAW

Electronically filed

By:   /s/ Stephen G. French
        Stephen G. French
        Joel M. Young
        500 Marquette Ave., NW, Suite 500
        Albuquerque, New Mexico 87102
        (505) 843-7075 / (505) 243-3482 Fax
        sfrench@frenchlawpc.com
        *Attorneys for Defendants Town of Clayton,*
        *Scott Julian, Brian Schamber and Andrew*
        *Carver*

AND

BECK & COOPER
Robert Beck, Esq.
219 Main Street
PO Box 572
Clayton, New Mexico 88415
(505) 374-2993 / (575) 374-8458 Fax
*Attorney for Town of Clayton*

**I HEREBY CERTIFY** that on the 29th day of
October, 2012, I filed the foregoing electronically
through the CM/ECF system, which caused the
following parties or counsel to be served by electronic
means, as more fully reflected on the Notice of Electronic
Filing:

David R. Jordan, Esq.
Alexander Beattie, Esq.
309 East Nizhoni Blvd.
PO Box 840
Gallup, New Mexico 87305
(505) 863-2205
*Attorneys for Plaintiff*


/s/ *Stephen G. French*
Stephen G. French